UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 18, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 23-CR-73 (CKK) |
| v. | : | GRAND JURY ORIGINAL |
| HECTOR DAVID VALDEZ, also known as "Curl," CRAIG EASTMAN, CHARLES JEFFREY TAYLOR, RAYMOND NAVA, JR. also known as "Raymond Nava," ULISES ALDAZ, MAX ALEXANDER CARIAS TORRES, also known as "Max Alexander Carias," | : | VIOLATIONS: 21 U.S.C. § 846 (Conspiracy to Distribute and Possess With Intent to Distribute Four Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl) 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Unlawful Possession With Intent to Distribute Fentanyl) 21 U.S.C. § 860(a) (Unlawful Possession With Intent to Distribute Fentanyl Within 1000 Feet of a Protected Location) 18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments) |
| TERON DEANDRE MCNEIL, also known as "Wild Boy," MARVIN ANTHONY BUSSIE, also known as "MoneyMarr," MARCUS ORLANDO BROWN, THOMAS COLUMBIAN, also known as "Cruddy Murda," WAYNE RODELL CARR-MAIDEN, also known as "Wayne Maiden," and ANDRE MALIK EDMOND, also known as "Draco," | : | FORFEITURE: 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |
| Defendants. | : | |

# INDICTMENT

The Grand Jury charges that:



## COUNT ONE

From on or about January 2021 to the Present, within the District of Columbia, the Eastern District of Virginia, the Central District of California, the District of Maryland, the Middle District of Tennessee and elsewhere, **HECTOR DAVID VALDEZ, also known as "Curl," CRAIG EASTMAN, CHARLES JEFFREY TAYLOR, RAYMOND NAVA, JR., also known as "Raymond Nava," ULISES ALDAZ, MAX ALEXANDER CARIAS TORRES, also known as "Max Alexander Carias,"**

**TERON DEANDRE MCNEIL, also known as "Wild Boy," MARVIN ANTHONY BUSSIE, also known as "MoneyMarr," MARCUS ORLANDO BROWN, THOMAS COLUMBIAN, also known as "Cruddy Murda," WAYNE RODELL CARR-MAIDEN, also known as "Wayne Maiden," and ANDRE MALIK EDMOND, also known as "Draco,"** did knowingly and willfully combine, conspire, confederate and agree together, and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance, which includes the reasonably foreseeable conduct of all the members of the conspiracy, was four hundred grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

**(Conspiracy to Distribute and Possess With Intent to Distribute 400 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl,** in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about December 4, 2021, within the District of Columbia, **CRAIG EASTMAN**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

(**Unlawful Possession With Intent to Distribute Fentanyl**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about December 4, 2021, within the District of Columbia, **CRAIG EASTMAN**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), within one thousand feet of two protected locations—that is, the real property comprising Rocketship Rise Academy Public School, a public elementary school in the District of Columbia, and the real property comprising the Woodland Terrace DC Public Housing Apartments, a housing facility owned by a public housing authority.

(**Unlawful Possession With Intent to Distribute Fentanyl Within 1000 Feet of a Protected Location**, in violation of Title 21, United States Code, Section 860(a))

## COUNT FOUR

On or about January 26, 2022, within the District of Columbia and the District of Maryland, **CRAIG EASTMAN**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

(**Unlawful Possession With Intent to Distribute Fentanyl**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT FIVE

Beginning on or about August 2022, and continuing through at least April 2023, defendants **MAX ALEXANDER CARIAS TORRES, also known as "Max Alexander Carias,"** did knowingly and willfully combine, conspire, confederate and agree together and with other persons, both known and unknown to the Grand Jury, within the District of Columbia and elsewhere, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit: to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, violations of Title 18, United States Code, Section 846, as charged in Count One, all in violation of Title 18, United States Code, Section 1956(a)(2)(A).

**(Conspiracy to Launder Monetary Instruments**, in violation of Title 18, United States Code, Section 1956(h))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One, Two, Three, and Four, and of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves/CCW*
Attorney of the United States in
and for the District of Columbia.