THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :
                                      :Crim. No. 23cr73 (CKK)
v.                                    :
                                    :
                                    :
MELVIN EDWARD ALLEN       :

     *(defendant)*

**MOTION FOR RECONSIDERATION OF DETENTION ORDER**

Melvin Edward Allen moves this Court reconsider its previous ruling to detain him

without bond pending trial pursuant to 18 U.S.C. §3142(f)(2).  ECF No. 184, Memorandum

Opinion.[1]  The order to detain occurred after the Government appealed the Magistrate's Order of

Release.  ECF No. 177.   It is now approximately 4 months since Mr. Allen was arrested, on or

about November 9, 2023, and has been detained in this matter.  Yet, while he sits in prison

suffering health issues, both mental and physical, he has received not a single piece of discovery

that directly relates, explains, supports, or goes to the allegations in the indictment that he

conspired to distribute and possess with intent to distribute four hundred grams or more of a

mixture and substance containing a detectable amount of fentanyl.  Indictment, ECF No. 174.

Upon request, undersigned provided the prosecution with a hard-drive for the discovery in this

case.  A first discovery production was produced and provided to the defense.  That discovery,

pertains to co-defendants in this case but does not have any material in support of a nexus

---

[1] The Court welcomed the defense file a motion for reconsideration if "additional evidence" or "further argument" develops.  Id. at 2. The defense waited patiently to obtain additional evidence and now recognizes the time is ripe to present further argument and seek reconsideration.

between Mr. Allen and the co-defendants, nor relate directly to Mr. Allen.  Hence, it provides only passing relevance to Mr. Allen's charges.

A second discovery production was promised.  Undersigned was informed it would be provided to the defense sometime in mid-February but we are now in March.  The status of discovery remains the same.  Although, the Government argued in their De Novo Review of the Magistrate's Order several points, to date, there has been no discovery to assess the accuracy of any of the arguments made.  This Court, accepted the Government's representations and found Mr. Allen to be both a danger to the community and flight risk.

The Court accepted as factual allegations, that ammunition was found at Mr. Allen's residence.  However, the Warrant Return, received from family members notes no ammunition was recovered.  See Attached.  In the past four months, no discovery has been provided to support the assertion that ammunition was found, where it was found, if in plain view or hidden.

The Court accepted the prosecution's assertion that firearm magazines and rounds of various calibers were uncovered at the marijuana dispensary "store" Mr. Allen frequented. There has been no discovery relating to the store and the precise connection of Mr. Allen to the store and the items recovered at that location.  The defense was able to identify an owner of the store and it is not Mr. Allen.  Mr. Allen was not present at the store right before it was searched, nor anywhere near the store.



In the prosecution's pleadings it provided screen shots of a handful of social media and text messages between Allen and the lead defendant Hector David Valdez. They asserted that the conversations related to fentanyl-laced counterfeit oxycodone pills.[2] Yet to date, undersigned has not received any cellebrite reports or phone dumps of Mr. Allen's phone nor any of Allen's communications on social media.

The Court relied on the prosecution's assertion that Allen "conducted nearly $1.2 million in transactions." The Court questioned the defense's assertion that his clothing businesses were successful enough to garner such a sum and also noted any wages as a youth mentoring coach would not produce such an amount of money. Still photographs were provided to the Court by the prosecution showing Mr. Allen in the presence of a lot of cash. Firstly, after four months of the pendency of the case, there has been no discovery provided showing any banking records or other material supporting such transactions. Secondly, the still photographs the prosecution provided were part of a video for the song One in a Million by MoneyMarr. See video https://www.youtube.com/watch?v=pOP_-dai62A, see at :16 and :37 (money in same position as that in still shot); .28 (client close up head shot); 1:36; 1:38 (kitchen area) examples. Allen was asked to be a part of the video. Upon information and belief, the fake cash was merely a prop, as were other items used in the video.

The prosecution claimed Allen possessed firearms. They produced two photographs, one in which he is seen at a residence and a firearm is present and a second one with three firearms. Again no discovery to date has been produced relative to these photographs.[3]

---

[2] It has come to undersigned's attention that the discovery provided has cellebrite data for Valdez' phone and the defense is seeking to locate the so called communications Allen may have had with Valdez.
[3] Undersigned incorporates all previously presented arguments made in her response to the prosecution's De Novo motion.

Understandably the prosecution can proceed by proffer at detention hearings, See 18

U.S.C. §3142(f)  however, we are now 4 months past those early hearings, and there has been no

discovery to support their assertions.  At this point, the strength and weight of the prosecution's

evidence surely is not as strong as it was when first presented to the Court by virtue of the

extended delay in receiving discovery.  The lack of discovery to date, undermines the

Government's proffers, assertions and assumptions.  Additionally, the defense has provided

information that no ammunition was found at his residence, that still shots were from

professional music videos, and Mr. Allen was not the fulcrum person in the videos.  This further

undermines the prosecution's proffers.

Family and friends implore the Court to recognize that Allen has strong ties to the

community which support a finding that Mr. Allen is not a risk of flight.  His children reside in

the area, his mother, sister, girlfriend, and many other close friends who reside in the area, all are

a big part of his life.  His girlfriend, Ayesha McKeithan, an upstanding resident of the DMV

area, who works for the government, is willing to be a third party custodian.  She is prepared to

very seriously take on her role as third party custodian and "report to the court" any violations of

release.  See McKeithan correspondence.

Tiffani J. Clegg, who is Allen's sister expresses how her brother had been able to "def[y]

the odds and accomplish many good things in his career and his community."  See Clegg

correspondence.  His mother and other friends and family describe how Allen helps the

community, mentors others, and is committed to improving the life of youth and others around

him.  See Attached Correspondence.  He is also a very committed father and family man to his

extended family.  Id.

His time incarcerated these past four months has been a drain on Allen's mental health. He has witnessed two deaths at the jail and drug overdoses. See McKeithan correspondence. He is on anxiety and antidepressants due to the situation. Id. He informed undersigned that the conditions of the facility remain terrible, with mold and other problems. He has asthma and has to use two inhalers each day. Both his mental and physical health have suffered. And yet his case has not moved forward but remains in the same position it was 4 months ago when he was arrested.[4]

Mr. Allen has not been in and out of the criminal justice system but rather has only one minor infraction. Home confinement under HISP, with release to the third party custody of Ms. McKeithan will address any concerns and hesitations the Court may have.

In sum, Mr. Allen has now overcome the rebuttable presumption of detention. There are a combination of conditions that can effectively ensure Mr. Allen's appearance in Court and protect the community.

Respectfully submitted,

ELITA C. AMATO

/s/
Elita C. Amato, Esq.
 2111 Wilson Blvd.,
8th Floor
Arlington, VA  22201
Tele:  703-522-5900

---

[4] On February 25, 2024, the prosecution extended a plea offer to Mr. Allen to a lesser included offense by virtue of a lower drug quantity, 40 grams or more of fentanyl, which carries a 5-year mandatory and a potential recommended guideline range of 108-135 months. However, without having received the discovery needed, undersigned has no basis to advise Allen on the strength of the government's case against him when considering the prosecution's plea offer.

## CERTIFICATE OF SERVICE

I hereby certify that this Opposition is filed using the ECF Pacer system which will provide service upon government counsel directly on this 1st day of March, 202.

_____/s/_____

Elita C. Amato